United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-31008
Summary Calendar

MICHAEL TISDALE; CAROL TISDALE,

Plaintiffs-Appellants,

versus

WOMAN'S HOSPITAL, INC.; WOMAN'S HOSPITAL FOUNDATION,

Defendants-Appellees.

**Appeal from the United States District Court
for the Middle District of Louisiana
(3:03-CV-604)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This action by Michael and Carol Tisdale, husband and wife, against Woman's Hospital, Inc. and Women's Hospital Foundation (collectively the Hospital) claims violations of the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Employee Retirement Income Security Act (ERISA), as well as intentional infliction of emotional distress (IIED), all arising from termination of their employment with the Hospital.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Michael Tisdale, legally blind, had worked for the Hospital since 1979; at termination, he was the director of materials management. Carol Tisdale had worked for the Hospital since 1991; at termination, she was the director of patient services and telecommunications.

In November 2002, members of Michael Tisdale's staff complained to his supervisor that he required his subordinates to perform personal errands. Those complaints prompted an investigation that revealed the Tisdales had been operating a personal business, NicaTraders, largely using Hospital resources. On 6 November 2002, after meeting with their superiors to discuss the allegations, the Tisdales were terminated upon admitting some of the charges.

As a result, the Tisdales filed this action. In sum, the Tisdales' claim the true reasons for termination was Michael Tisdale's being blind. Without stating reasons, the district court granted the Hospital summary judgment. (In granting summary judgment on 4 October 2005, the district court stated "written reasons to be filed at a later date". As of the 28 October 2005 notice of appeal, those reasons had *not* been filed.)

The Tisdales claim the court erred because: (1) they have a colorable IIED claim; (2) they have established a prima facie case of discrimination under the ADA, ADEA, and ERISA; and (3) the Hospital has not proffered a legitimate non-pretextual reason for

their termination.  A summary judgment is reviewed *de novo*, viewing the evidence in the light most favorable to the non-movant.  *See, e.g.,* **Auguster v. Vermilion Parish Sch. Bd.,**  249 F.3d 400, 402 (5th Cir. 2001).

For the IIED claim, the Tisdales have failed to create the requisite genuine issue of material fact concerning their termination's being "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community".  **Nicholas v. Allstate Ins. Co.**, 765 So.2d 1017, 1022 (La. 2000).  Neither of the Tisdales claim they were treated improperly when they were terminated.  Instead, they claim the Hospital inflicted emotional distress because, as a married couple, their termination effectively eliminated all sources of family income.  Such conduct, they claim, is "beyond all bounds of decency".  Under Louisiana law, the termination of an at-will employee, even one with a long tenure, does not state a IIED claim.  *See, e.g.,* **id.**

The ADA, AEDA, and ERISA claims for discrimination are analyzed under the well-known **McDonnell Douglas** burden-shifting framework.  Assuming *arguendo* the Tisdales have presented a prima facie case of discrimination under each Act, the Hospital presents a legitimate, non-discriminatory reason for the termination, as

3

discussed below. The Tisdales fail to present the requisite genuine issue of material fact.

The Hospital claims the Tisdales were terminated because they improperly used Hospital resources, some of which were in furtherance of their NicaTraders business. Indeed, the Tisdales admitted to some of these charges, including: using Hospital employees subordinate to them to perform personal errands; posting an advertisement for NicaTraders on the Hospital's electronic bulletin board; and the creation of the NicaTraders' telephone number and voice mail box within the Hospital's telephone and voice mail system.

The Tisdales claim this is merely a pretextual reason for their termination because: (1) they were not operating NicaTraders using Hospital resources and during office hours, pointing namely to the voice mail box which Carol Tisdale claims she rented to a NicaTraders co-owner; (2) other employees frequently posted advertisements on the electronic advertising board; and (3) other employees commonly used subordinates to perform personal errands. Nevertheless, the Tisdales fail to provide specific examples of other employees who are engaged in "nearly identical" improper use of Hospital resources. *See* ***Okoye v. Univ. of Tex., Houston Health Serv. Cent.***, 245 F.3d 507, 514 (5th Cir. 2001).

***AFFIRMED***

4